# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,
Plaintiff and Respondent,

v.

EDGAR SANDOVAL CATARINO,
Defendant and Appellant.

S271828

Fourth Appellate District, Division One
D078832

Santa Clara County Superior Court
C1635441

---

May 25, 2023

Justice Liu authored the opinion of the Court, in which Chief Justice Guerrero and Justices Corrigan, Kruger, Groban, Jenkins, and Evans concurred.

---

PEOPLE v. CATARINO

S271828


Opinion of the Court by Liu, J.


Penal Code section 667.6, subdivision (d) requires a sentencing court to impose "full, separate, and consecutive term[s]" for certain sex crimes if it finds that the offenses were committed "on separate occasions." (Pen. Code, § 667.6, subd. (d) (section 667.6(d)); all undesignated statutory references are to this code.) Defendant Edgar Sandoval Catarino was convicted of six counts of forcible lewd acts on a child under the age of fourteen and one lesser included offense of attempt. At sentencing, the court found that Catarino's seven counts of conviction occurred on seven separate occasions and sentenced him to full, consecutive terms for each under section 667.6(d).

In *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*), the United States Supreme Court held under the Sixth Amendment to the federal Constitution that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Apprendi,* at p. 490.) Under *Alleyne v. United States* (2013) 570 U.S. 99 (*Alleyne*), this rule applies "with equal force to facts increasing the mandatory minimum" because an increase in the minimum term heightens "the prescribed range of sentences to which a criminal defendant is exposed." (*Id.* at p. 112.) But in *Oregon v. Ice* (2008) 555 U.S. 160 (*Ice*), the high court said the *Apprendi* rule does not apply to facts deemed necessary to the

1

imposition of consecutive as opposed to concurrent sentences, "a sentencing function in which the jury traditionally played no part." (*Id.* at p. 163.)

The question here is whether section 667.6(d), in requiring that a sentencing court impose "full, separate, and consecutive term[s]" for certain sex crimes if it finds certain facts, complies with the Sixth Amendment. We hold that it does: the rule of *Apprendi* and *Alleyne* does not apply to section 667.6(d) under the rationale of *Ice*.

## I.

Catarino was charged in November 2017 with eight counts of forcible lewd acts on a child under the age of fourteen. The charging instrument alleged that he sexually abused his cousin Doe, who was nine years old at the time, over a period from June 2015 to March 2016. Each count alleged an identical range of dates during which the offense's conduct might have occurred. Catarino was convicted on six of the counts, convicted of the lesser included offense of attempt on the seventh count, and acquitted of the final count. The verdict included the same range of dates alleged on each count and did not further specify when the crimes occurred.

The prosecutor's sentencing memorandum argued that the court should find that the seven counts of conviction were all committed on "separate occasions," which would require the imposition of full-term consecutive sentencing on each count under section 667.6(d). According to the prosecutor, Doe's testimony at trial showed that at least five of the counts conclusively occurred on separate occasions and that the evidence would support a finding that the remaining counts also happened at separate times. Catarino argued that the jury

verdict did not "provide enough information to determine" which convictions constituted "separate incidents" because the jury "did not make any specific findings regarding each count." In his view, "the mere fact that the jury found [him] guilty on seven counts does not establish that they each occurred on separate occasions," and making a "separate occasions" finding based on evidence beyond the verdict would violate his rights under the Sixth Amendment.

At sentencing, the court found that Doe had testified to seven separate acts of sexual abuse. Based on this testimony and the court's instruction to the jury that it was required to " 'consider each count separately and return a separate verdict for each one,' " the court found that Catarino's seven counts of conviction corresponded to "seven separate incidents pursuant to . . . section 667.6(d)." In line with this finding, the court sentenced Catarino to full, consecutive terms on each count. It imposed the middle term of eight years on his first count and the lower term of five years on each of counts two through six. On count seven, the attempt count, it imposed a term of two and a half years, the lowest available for that charge.

Catarino appealed, arguing that sentencing him under section 667.6(d) "without having submitted to the jury the question of whether each of [his] offenses was committed on a 'separate occasion' denied [him] his Sixth Amendment right to a jury trial" under *Apprendi* and *Alleyne*. He argued that because the separate occasions finding required that his second through seventh counts "carry a full term, rather than the term that would otherwise apply under" the determinate sentencing law, it increased the minimum term for each of those offenses.

The Court of Appeal, citing *Ice*, held that the rule of *Apprendi* and *Alleyne* "do[es] not apply to the court's determination of whether to impose consecutive sentences for convictions of *multiple* criminal offenses." (*People v. Catarino* (Oct. 14, 2021, D078832) [nonpub. opn.].)  It also held that on the attempt count, Catarino was erroneously sentenced under section 667.6(d), which does not apply to attempted sex offenses, and it remanded for resentencing.  As a result, we do not address Catarino's attempt conviction.

We granted review to decide whether section 667.6(d) complies with the Sixth Amendment.  Since our grant of review, a split of authority has emerged on this question.  (Compare *People v. Wandrey* (2022) 80 Cal.App.5th 962, 978–980 [§ 667.6(d) complies with the 6th Amend. under *Ice*] with *People v. Johnson* (2023) 88 Cal.App.5th 487, 502–505 (*Johnson*) [§ 667.6(d) violates the 6th Amend.].)

## II.

We begin with an explanation of the sentencing scheme here.  Many sections of the Penal Code that describe a criminal offense establish three options for determinate sentences for the offense:  a lower, middle, and upper term.  Section 288, subdivision (b)(1), which defines Catarino's offense of forcible lewd or lascivious acts against a child under the age of fourteen, states that a person who commits that crime "shall be punished by imprisonment in the state prison for 5, 8, or 10 years."

"When a person is convicted of two or more crimes," California law generally requires a court to determine "whether the terms of imprisonment . . . shall run concurrently or consecutively."  (§ 669, subd. (a).)  As relevant here, several statutes affect how a court imposes concurrent or consecutive

sentences. Under section 1170.1, which is part of the determinate sentencing law, a court imposing determinate, consecutive sentences for two or more felonies is required to impose an "aggregate term of imprisonment for all these convictions," which is the sum of the "principal term," the "subordinate term[s]," and any enhancements. (*Id.*, subd. (a).) The principal term "shall consist of the greatest term of imprisonment imposed by the court for any of the crimes." (*Ibid.*) The subordinate terms "shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed," plus one-third of any applicable enhancements. (*Ibid.*)

Section 1170.1 governs most determinate sentencing. For certain sex offenses, however, the Penal Code establishes two alternative sentencing frameworks. First, under section 667.6, subdivision (c) (section 667.6(c)), "a full, separate, and consecutive term may be imposed for each violation of an offense specified in subdivision (e) if the crimes involve the same victim on the same occasion." This is "[i]n lieu of the term provided in Section 1170.1." (*Ibid.*) Section 667.6(c) is not challenged here. Second, under section 667.6(d), if the sentencing court finds that multiple sex offenses carrying determinate terms involved separate victims or were committed on separate occasions, "[a] full, separate, and consecutive term shall be imposed for each violation," and the terms "shall not be included in any determination pursuant to Section 1170.1." (§ 667.6, subds. (d)(1), (3).) These provisions apply to many sex crimes, including Catarino's. (§ 667.6, subd. (e).)

The statute prescribing the lower, middle, and upper terms for six of Catarino's seven counts of conviction set them at

five, eight, and ten years, respectively. (§ 288, subd. (b)(1).) When Catarino was sentenced in November 2018, the determinate sentencing law gave courts discretion to impose the lower, middle, or upper sentence for a defendant's principal term; that part of the law has since been amended in ways not relevant here. (§ 1170, former subd. (b).) If Catarino had been sentenced under the determinate sentencing law instead of section 667.6(d), the court could have imposed five, eight, or ten years on one of his counts of conviction, i.e., the principal term. If the court then imposed consecutive sentences for his other offenses, it would have been limited to imposing one-third of the middle term on each of the other counts, i.e., the subordinate terms. For each of the non-attempt counts, this would have been two years and eight months, which is one-third of the eight-year middle term for his offense listed in section 288, subdivision (b)(1). Alternatively, the court could have opted to impose the sentences concurrently.

The parties dispute whether the trial court could have sentenced Catarino under section 667.6(c) on the basis of the jury verdict. If the court had sentenced Catarino under section 667.6(c), the range of sentences available for Catarino's subordinate term offenses would not have been limited to one-third of the middle term described in section 1170.1. Instead, the court would have had the discretion to impose the full five, eight, or ten years for each of the non-attempt subordinate terms instead of two years and eight months. The court would also retain discretion to run the terms concurrently.

A finding under section 667.6(d) that the crimes involved separate victims or occurred on separate occasions eliminates the court's discretion. Instead, "[a] full, separate, and consecutive term *shall* be imposed for each violation . . . ."

(§ 667.6(d)(1), italics added.) A court that makes a section 667.6(d) finding cannot impose one-third of the middle term for the defendant's subordinate term as prescribed by section 1170.1, nor can the court run the terms concurrently. It must impose a full-term sentence for each offense it finds to have involved a different victim or to have been committed on a separate occasion. In Catarino's case, this means the lowest term the sentencing court could impose for each of his non-attempt subordinate terms was five years as opposed to the term of two years and eight months that would have been available if he had been sentenced under either the determinate sentencing law or section 667.6(c).

In sum, if Catarino had been sentenced under section 667.6(c) or the determinate sentencing law, the court would have had the option to impose the terms for his offenses concurrently or consecutively. If it decided to impose consecutive sentences on his subordinate terms, the lowest term it could have imposed for each of his non-attempt offenses would have been two years and eight months. Instead, because the court sentenced him under section 667.6(d), it was required to impose consecutive terms, and the lowest sentence it could impose for each of his non-attempt subordinate terms was five years. The predicate finding that enables such sentencing under section 667.6(d) is made by "the sentencing judge." (Cal. Rules of Court, rule 4.426(a).) Catarino argues that this scheme violates *Apprendi*.

## III.

The Sixth Amendment protects the right of a criminal defendant to a trial by jury, and under the Fourteenth Amendment, this protection applies in state criminal

proceedings. (*Ramos v. Louisiana* (2020) 590 U.S. \_\_, \_\_ [140 S.Ct. 1390, 1395–1397].) Among the specific protections included in the jury trial guarantee are the right to have every element of the crime found by a jury (*United States v. Gaudin* (1995) 515 U.S. 506, 511) and the right to have the jury make those findings beyond a reasonable doubt (*In re Winship* (1970) 397 U.S. 358, 364). In *Apprendi*, the high court explained that the existence of these rights does not turn on any distinction between elements of a crime and sentencing factors. (*Apprendi*, *supra*, 530 U.S. at p. 478.) While a court may properly exercise its discretion to impose any sentence within the statutory range for a defendant's offense once that range is determined by facts found by the jury, judicial factfinding that "exposes the criminal defendant to a penalty *exceeding* the maximum he would receive if punished according to the facts reflected in the jury verdict alone" violates the Sixth Amendment. (*Apprendi*, at p. 483.) Accordingly, the high court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Id.* at p. 490.)

In *Alleyne*, the high court applied the rule of *Apprendi* to facts that increase the minimum term to which the defendant is exposed. "[B]ecause the legally prescribed [sentencing] range *is* the penalty affixed to the crime [citation], it follows that a fact increasing either end of the range produces a new penalty . . . ." (*Alleyne*, *supra*, 570 U.S. at p. 112.) The court explained that "[i]t is impossible to dissociate the floor of a sentencing range from the penalty affixed to the crime" and that "facts increasing the legally prescribed floor *aggravate* the punishment" for the defendant's offense. (*Id.* at pp. 112, 113.) For purposes of *Apprendi*, "there is no basis in principle or logic to distinguish

facts that raise the maximum [sentence] from those that increase the minimum . . . ." (*Alleyne*, at p. 116.) Both must be "submitted to the jury and found beyond a reasonable doubt." (*Ibid.*)

As relevant here, " 'the Sixth Amendment's restriction on judge-found facts' is 'inapplicable' when a trial judge makes factual findings necessary to the imposition of consecutive terms." (*People v. Scott* (2015) 61 Cal.4th 363, 405, quoting *Ice*, *supra*, 555 U.S. at p. 170.) In *Ice*, Oregon's sentencing scheme provided that "sentences shall run concurrently unless the judge finds statutorily described facts." (*Ice*, at p. 165.) The high court held that such judicial factfinding does not violate *Apprendi*. (*Ice*, at p. 164.) "The historical record demonstrates that the jury played no role in the decision to impose sentences consecutively or concurrently." (*Id.* at p. 168.) Instead, judges traditionally had "unfettered discretion" to decide "whether sentences for discrete offenses shall be served consecutively or concurrently." (*Id.* at p. 163.) Thus, the high court reasoned, the "core concerns" underlying *Apprendi* — "encroachment . . . by the judge upon facts historically found by the jury" and "threat to the jury's domain as a bulwark at trial between the State and the accused" — are not implicated by "legislative reforms regarding the imposition of multiple sentences." (*Ice*, at p. 169.) States may, consistent with the Sixth Amendment, enact legislation to "constrain judges' discretion by requiring them to find certain facts before imposing consecutive, rather than concurrent, sentences." (*Id.* at p. 164.)

Catarino does not dispute that *Ice* applies, at least in part, to section 667.6(d). Instead, he argues that section 667.6(d) has "two distinct consequences": first, it requires that each term imposed be a full term instead of one-third of the middle term

as authorized by section 1170.1; second, it requires that each term be imposed consecutively. The latter, he asserts, is controlled by *Ice*, while the former is not. We conclude that although the high court in *Ice* was confronted with a statutory regime that only addressed concurrent versus consecutive sentencing, its rationale is equally applicable to section 667.6(d).

As noted, if Catarino had been sentenced under the determinate sentencing law or under section 667.6(c), the trial court could have imposed concurrent sentences or partial consecutive sentences on Catarino's seven counts of conviction, i.e., a full term on one principal count and partial terms on six subordinate counts. Section 667.6(d), by contrast, requires full-term consecutive sentencing upon a finding that "the crimes involve separate victims or involve the same victim on separate occasions." Like the statutes in *Ice*, section 667.6(d) is a "specification of the regime for administering multiple sentences," which "has long been considered the prerogative of state legislatures." (*Ice*, *supra*, 555 U.S. at p. 168.) Section 667.6(d) applies only when a defendant "has been tried and convicted of multiple offenses, each involving discrete sentencing prescriptions"; it governs how these sentences run relative to each other, a "sentencing function in which the jury traditionally played no part." (*Ice*, at p. 163.) This is distinct from the *Apprendi* line of cases, which concerns "sentencing for a discrete crime, not . . . for multiple offenses different in character or committed at different times." (*Ice*, at p. 167.) Had Catarino been convicted of only one offense, section 667.6(d) would have had no effect on the sentencing options authorized by the jury's verdict. It is only because he was convicted by a jury of multiple offenses that section 667.6(d) applies to inform

how each offense's authorized sentence runs relative to each other.

Section 667.6(d)'s requirement of "full" consecutive terms is also not a "discrete sentencing prescription[]" within the meaning of *Apprendi*. (*Ice*, *supra*, 555 U.S. at p. 163.) Section 667.6(d) does not change what is a "full" term or otherwise define the sentence for any particular offense. In this regard, it differs from the statute at issue in *Alleyne*, which provided that a defendant using or carrying a firearm must " 'be sentenced to a term of imprisonment of not less than 5 years,' " but if the firearm was brandished, the sentence must be " 'not less than 7 years.' " (*Alleyne*, *supra*, 570 U.S. at pp. 103, 104, quoting 18 U.S.C. § 924(c)(1)(A)(i)–(ii).) Rather than set or change the term authorized on an individual count as the statute in *Alleyne* did, section 667.6(d) requires that the term *already authorized* (§ 288, subd. (b)(1)) be meted out as a full term. Under the high court's reasoning in *Ice*, section 667.6(d) does not define or alter the term for any particular offense in a manner that invades the historical province of the jury.

Catarino contends that section 667.6(d) "has the effect" of raising the term on each subordinate count from two years and eight months to five years in a manner implicating *Apprendi*. The Court of Appeal in *Johnson* took a similar view, reasoning that a finding under section 667.6(d) "increases the 'floor' of the range [of sentences] from two years eight months to five years." (*Johnson*, *supra*, 88 Cal.App.5th at p. 504.) But the lowest term set by section 288, subdivision (b)(1) — before any aggregation — is five years, not two years and eight months. The jury's verdict thus authorized at least a five-year sentence for each violation of this section.

In arguing otherwise, Catarino and the *Johnson* court erroneously import the term of two years and eight months authorized by section 1170.1 into the analysis of section 667.6(d)'s constitutionality. Section 1170.1, like section 667.6(d), is a "specification of the regime for administering multiple sentences." (*Ice, supra*, 555 U.S. at p. 168.) The high court in *Ice* explained that historically "a judge's imposition of consecutive, rather than concurrent, sentences was the prevailing practice" and that state statutes making concurrent sentencing the rule and consecutive sentencing the exception represent "modern . . . statutory protections meant to temper the harshness of the historical practice." (*Id.* at p. 169.) Here, section 1170.1 limits judges' discretion by generally requiring them to impose partial-term consecutive sentences instead of full-term consecutive sentences. Section 667.6(d) then departs from this general rule for certain enumerated sex offenses by requiring full-term consecutive sentences if the offenses "involve separate victims or involve the same victim on separate occasions." A state could, consistent with the Sixth Amendment, require full-term consecutive sentencing in all cases. By conditioning the imposition of such consecutive sentences on "certain predicate factfindings" (*Ice*, at p. 164), section 667.6(d) may be understood "to temper the harshness" of a historically authorized practice (*Ice*, at p. 169).

Just as it "would make scant sense" to "hem in States by holding that they may not . . . choose to make concurrent sentences the rule, and consecutive sentences the exception" (*Ice, supra*, 555 U.S. at p. 171), it would make little sense to forbid California from making partial-term consecutive sentences the rule and full-term consecutive sentences the exception. Viewed in that light, section 1170.1's authorization

of a lower term does not affect our analysis of section 667.6(d). Both rules are permissible under *Ice*, and the Legislature's adoption of one does not render the other unconstitutional. We disapprove of *People v. Johnson, supra,* 88 Cal.App.5th 487 to the extent it holds otherwise.

The "scope of the constitutional jury right must be informed by the historical role of the jury at common law," so it is "no answer" that Catarino was " ' "*entitled*" ' " to sentencing under section 1170.1 absent operation of section 667.6(d). (*Ice, supra,* 555 U.S. at p. 170.) The Sixth Amendment right does not "attach[] to every contemporary state-law 'entitlement' to predicate findings." (*Ice*, at p. 170.) Because there is "no erosion of the jury's traditional role" here, "*Apprendi*'s core concern is inapplicable" and "so too is the Sixth Amendment's restriction on judge-found facts." (*Ibid.*)

## CONCLUSION

Because section 667.6(d) falls within the rationale of *Ice*, its operation does not violate the rule of *Apprendi* and *Alleyne*. We affirm the judgment of the Court of Appeal.


**LIU, J.**


**We Concur:**

**GUERRERO, C. J.**
**CORRIGAN, J.**
**KRUGER, J.**
**GROBAN, J.**
**JENKINS, J.**
**EVANS, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion**  People v. Catarino

_____

**Procedural Posture** (see XX below)
**Original Appeal**
**Original Proceeding**
**Review Granted (published)**
**Review Granted (unpublished)** XX NP opn. filed 10/14/21 – 4th Dist., Div. 1
**Rehearing Granted**

_____

**Opinion No.** S271828
**Date Filed:**  May 25, 2023

_____

**Court:**  Superior
**County:**  Santa Clara
**Judge:**  Cynthia A. Sevely

_____

**Counsel:**

Ron Boyer, under appointment by the Supreme Court, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Assistant Attorney General, Seth K. Schalit, Donna M. Provenzano and Melissa A. Meth, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Ron Boyer
Attorney at Law
950 Tyinn Street, #22332
Eugene, OR 97402
(510) 393-3822

Melissa A. Meth
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
(415) 510-3827